An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THI OF NEVADA AT HENDERSON CONVALESCENT, LLC, A DELAWARE LIMITED LIABILITY COMPANY D/B/A HENDERSON HEALTHCARE CENTER,
Appellant,
vs.
JON JAY SPIERER; CHRIS MARK SPIERER; FREDRIK ROBERT SPIERER, INDIVIDUALLY; AND FREDRIK ROBERT SPIERER, AS THE EXECUTOR OF THE LAST WILL AND TESTAMENT OF JOAN PHYLLIS SPIERER, DECEASED,
Respondents.

No. 59021

FILED

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

The district court denied appellant's motion to compel arbitration, finding the agreement to arbitrate unconscionable. A review of contractual unconscionability involves questions of fact and law; we uphold factual findings if supported by substantial evidence and review questions of law de novo. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553, 96 P.3d 1159, 1162 (2004). In order to invalidate an agreement to arbitrate based on unconscionability, both procedural and substantive unconscionability must exist. *Id.* Procedural unconscionability occurs "when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power . . . or because the clause and

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28091

its effects are not readily ascertainable." *D.R. Horton*, 120 Nev. at 554, 96 P.3d at 1162. Often, procedural unconscionability includes "the use of fine print or complicated, incomplete or misleading language that fails to inform a reasonable person of the contractual language's consequences." *Id.* Substantive unconscionability concerns the "one-sidedness of the contract terms." *Id.* at 554, 96 P.3d at 1162-63. The focus is on whether there are "terms that are oppressive." *Gonski*, 126 Nev. at ___, 245 P.3d at 1169 (internal quotations omitted). The degree of procedural or substantive unconscionability required to invalidate an agreement is analyzed on a sliding scale; the stronger a showing of either procedural or substantive unconscionability, the less evidence is required for the other. *Gonski v. Second Judicial Dist. Court*, 126 Nev. ___, ___, 245 P.3d 1164, 1169-70 (2010).

Having reviewed the briefs and appendices on appeal, we conclude that the district court erred by ruling that the arbitration agreement was unconscionable. The arbitration agreement was a separate document that required the parties' signatures at the end. The agreement explained what arbitration entailed and that agreeing to arbitration meant forgoing a jury trial in court, and specifically stated that the agreement was optional and that a refusal to sign the arbitration agreement would not affect treatment availability. As a result, the arbitration agreement was not unconscionable, particularly because the agreement was optional and respondents could have refused to sign the agreement.

The fact that the agreement was optional also negates the district court's primary concern that the document was presented for signature the day after the patient was admitted, as a refusal to sign the

agreement would not have resulted in a refusal of treatment. Additionally, while the lack of an explanation of the costs of arbitration within the document is relevant to the determination of unconscionability, we conclude that this was insufficient to meet the requirements for unconscionability. *D.R. Horton*, 120 Nev. at 558, 96 P.3d at 1165. Likewise, the circumstances surrounding the execution of the agreement relied upon by respondents do not demonstrate unconscionability. Therefore, we conclude that the arbitration agreement is valid and enforceable. Accordingly, we

ORDER the order of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____

[1]As appellant did not challenge on appeal the district court's ruling concerning which parties were subject to the arbitration agreement, we do not address that issue.

cc:    Hon. Nancy L. Allf, District Judge
        Lansford W. Levitt, Settlement Judge
        Marquis Aurbach Coffing
        Rourke Law Firm
        James R. Christensen
        Maddox, Isaacson & Cisneros, LLP
        Robert C. Maddox & Associates/Reno
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A